H. W. DENTON & International Union of Electrical, Radio & Machine Workers, C. I. O.,

v.

CITY OF CARROLLTON, GEORGIA, a Municipal Corporation, et al.

Civ. A. No. 341.

United States District Court
N. D. Georgia, Newnan Division.
July 16, 1957.

Adair & Goldthwaite, Atlanta, Ga., and Benjamin C. Sigal and Bert Diamond, Washington, D. C., for plaintiffs.

Shirley C. Boykin and Lamar Knight, Carrollton, Ga., Gambrell, Harlan Russell, Moye & Richardson, Atlanta, Ga., for defendants.

HOOPER, Chief Judge:

In their original complaint petitioners contended that a certain ordinance by the City of Carrollton was void, and an injunction was sought preventing the authorities of the City of Carrollton from instituting any criminal proceedings in the event plaintiffs should violate the same. This Court ruled in favor of the defendants, 132 F.Supp. 302, for reasons hereinafter stated. The decision of this Court was reversed by the Court of Appeals of the Fifth Circuit. See Denton v. City of Carrollton, 235 F.2d 481.

Subsequently a new ordinance was passed by the City of Carrollton supplanting the ordinance involved in the previous trial, and a plenary trial has been held before this Court, the same attacks being made against the new ordinance as were made against the previous one.

The two ordinances will be compared in the Findings of Fact stated below.

This Court is of the opinion that the decision by the Court of Appeals in this case does not require a Finding by this Court that plaintiffs are entitled to an injunction, for the new ordinance eliminates certain features of the old ordinance which caused the Court of Appeals to declare that this Court had equitable jurisdiction.

### Findings of Fact.

It is unnecessary to repeat the facts in this record as stated by the Court of Appeals in its decision. See 235 F.2d 481, et seq. It is, however, quite important to point out the differences between the new ordinance now under attack, and the ordinance involved in the first trial of this case.

The first ordinance required a license tax of $1,000 per year for the privilege of carrying on the business of a labor organizer, and apparently this applied not only to the national union, but to the individual organizer in the City of Carrollton. In addition thereto it required the payment of $100 per day, and this additional amount was severely con-

demned by the Court of Appeals. Violation of the first ordinance, and of the new ordinance, carried a maximum fine of $100 or sixty days confinement, and as in the case of other license taxes imposed by the City of Carrollton, each day's violation constituted a new offense.

As this Court is making no ruling as to the validity of the new ordinance much of the testimony adduced at the trial will be eliminated. For purposes of this decision, however, these facts appear:

Plaintiff, International Union of Electrical, Radio and Machine Workers, C. I.O., desires to send plaintiff H. W. Denton together with not exceeding four other agents, for purposes of attempting to organize a local union in a textile mill, or mills, in the City of Carrollton. This Court finds that if they do so without complying with the new ordinance of the City of Carrollton, they will be tried for a violation of the city ordinance in question. It is quite significant, however, to point out that there have been no threats of repeated prosecutions for such future violations, and the only danger that plaintiffs face, should they proceed with their plans of organization, is to have one trial in the City of Carrollton in which trial they may attack the ordinance upon any grounds they desire, but the maximum punishment they would risk would be a fine of $100 or sixty days confinement, or both. The Court takes judicial cognizance of the fact that they may appeal from a finding or conviction against them in the court of the City of Carrollton, and will be entitled to bond on appeal so that their conviction can be reviewed by various courts of Georgia and then application for the writ of certiorari can be made to the Supreme Court of the United States.

This Court finds that should plaintiffs desire, however, to first pay to the City of Carrollton the license fee of $1,000, with the purpose and intention of subsequently suing to recover it back, there will be a grave danger that they would be unable to recover it back because of certain decisions of the Georgia courts

cited by the Court of Appeals in this case. It is true that this new ordinance does contain a provision to the effect that applicants can pay this $1,000 license tax, file an affidavit of illegality under Georgia laws, and seek to recover it back. However, the validity of this procedure is sufficiently doubtful as to cause this Court to find that the manner in which plaintiffs would be required to pay the license tax and then seek to recover it back is, under decisions of the Georgia courts, of such doubtful validity that it fails to give plaintiffs an adequate remedy, should they desire to test the validity of the ordinance without a prosecution. This matter has been fully covered by the Court of Appeals in its decision.

This Court finds, therefore, that there is no clear and imminent danger or injury to the plaintiffs as to their occupations other than the risk of one prosecution. This is further true for the reason that, should there be in fact repeated prosecutions, this Court is in it's final decree retaining jurisdiction for the purpose of entertaining prayers for injunction against repeated prosecutions, which do not appear imminent to this Court at this time.

### Conclusions of Law.

(1) This Court is not upholding the validity of the ordinance of the City of Carrollton now under attack, and is not finding against the contentions of the plaintiffs that it is an attempt unlawfully to interfere with the rights of labor to organize, nor that the amount of the license fee is exorbitant. This Court is merely holding that this Court does not have equitable jurisdiction to enjoin criminal prosecution by the City of Carrollton, and that there are not sufficient grounds for the interposition of the equitable powers of this Court to restrain such criminal prosecution, for reasons set forth below:

(2) This Court finds that the case raises "the question of want of equity jurisdiction" and that this Court does not have jurisdiction to "decide

the question of the constitutional validity of the ordinance." See Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 880, 87 L.Ed. 1324. A comparison of the facts in the instant case with those in the case just above cited, will disclose that plaintiffs in the cited case made out a stronger case for the interposition of equity than in the instant case, but the United States Supreme Court nevertheless ruled that they were not entitled to an injunction restraining a criminal proceeding in a state court. In the Douglas case plaintiffs had already been arrested, they were subject if convicted, to the payment of a fine of $100, or thirty days confinement, or both, and in addition thereto, it was shown that the defendants "threatened to continue to enforce the ordinance by arrests and prosecutions." See 319 U.S. at page 160, 63 S.Ct. at page 879. There the plaintiffs complained that there was danger of "irreparable injury 'both great and immediate'" and that defendants "had declared their intention further to enforce the ordinance against petitioners." See 319 U.S. at page 164, 63 S. Ct. at page 881. The Supreme Court nevertheless held that no injury was threatened "other than that incidental to every criminal proceeding brought lawfully and in good faith." It was said the trial courts should raise sua sponte the question of "want of equity jurisdiction." See 319 U.S. at page 159, 63 S.Ct. at page 879. Injunction was there denied and this Court considers itself bound by that decision in that, in the instant case there has not been even one arrest or one prosecution, nor have there been threats of repeated prosecutions.

(3) The Court of Appeals in the instant case pointed out that the first ordinance required an additional tax of $100 for each successive day, and that meant "for one person for one year of working days, the total would approach $32,300.-00." [235 F.2d 485.] The Court stated:

"To require the payment of any such sum as a condition to testing the validity of the exaction, if it

does not of itself make the tax illegal for that reason, at least presents such a heavy burden that to decline equitable relief would be to deny judicial review altogether."

The Court also pointed out the difficulty of recovering back license fees if paid in, and stated:

"This combination of circumstances made the threat of real and lasting damage genuine and present."

(4) This Court feels compelled to deny injunction upon the further ground that the provisions of 28 U.S.C.A. § 2283 require such a ruling, because an injunction is not "expressly authorized by Act of Congress." The other exceptions in said statute are not pertinent here. This Court feels bound by a decision of the United States Supreme Court in the case of Amalgamated Clothing Workers of America v. Richman Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600. In that case, as here, it was pointed out the injunction sought was not "expressly authorized by Act of Congress." See 348 U.S. at page 516, 75 S.Ct. at page 455. It was also held that since the rights involved arose under National Labor Relations Act, 29 U.S.C.A. § 160(e) an injunction if granted, could be "only on behalf of the Board." See 348 U.S. at page 517, 75 S.Ct. at page 456. There was a caution that courts should not "ignore the closely circumscribed jurisdiction given to the District Court." See 348 U.S. at page 517, 75 S.Ct. at page 456. Reference was made to the "impatience with the appellate process if state courts go wrong." It expressed "confidence in the state courts" and made reference to the policy of the law and the "desire to avoid direct conflicts between state and federal courts." But above all else, it called attention to the fact that there is no "recalcitrance on the part of state courts to recognize the rather subtle line of demarcation between exclusive federal and allowable state jurisdiction over labor problems." See 348 U.S. at page 519, 75 S.Ct. at page 457.

(5) From the foregoing this Court finds that it has no equitable jurisdiction to grant the relief prayed for, that there is nothing to prevent petitioners from proceeding with their organizational efforts, that if they are prosecuted by the City of Carrollton they have an adequate remedy at law to defend against the same, and that plaintiff's prayers should be denied. Judgment will be entered accordingly.

Judgment and Decree.

Based upon Findings of Fact and Conclusions of Law filed in said case it is Ordered, Considered and Adjudged that plaintiffs are not entitled to the equitable relief sought in this court, nor to declaratory judgment, and said action is dismissed with costs against the plaintiff.

Jurisdiction in this case, however, is retained to the extent that petitioners may at any time in the future reopen this case upon a showing of repeated prosecutions threatened or instituted against petitioners for violation of the ordinance of the City of Carrollton referred to in this case.